### Petition of FARMER.

(District Court, M. D. Alabama, S. D. at Dothan. May 8, 1925.)

Bankruptcy ⬸481—Trustee's petition for payment of fees from money deposited held not to require detailed statement of services.

Trustee's petition for payment of statutory fees from moneys deposited with clerk to cover costs *held* not within rule 42, requiring detailed statement of services, in view of Bankruptcy Act, §§ 48, 51 (Comp. St. §§ 9632, 9635).

In Bankruptcy. In the matter of the petition of B. G. Farmer, Jr., trustee in bankruptcy, for payment of statutory fees. Petition granted.

Lee & Tompkins, of Dothan, Ala., for petitioner.

CLAYTON, District Judge. It appears that the petitioner, the trustee, was duly elected and qualified as trustee in the cases mentioned in the petition; that he has performed all the duties incumbent upon him as such trustee; and that he is entitled to be now paid the statutory trustee's fees in the cases named in the petition, which petition is verified by affidavit. It is also made to appear that more than 10 days have elapsed since each case has been closed.

The new rule, rule XLII, says that: "Every * * * trustee seeking an allowance of compensation from a bankrupt estate for services rendered, shall file with the referee a petition under oath, setting forth a full and detailed statement of such services and the amount claimed therefor. * * *" The fees claimed by the petitioner are asked to be paid out of the money deposited with the clerk of the court to cover the costs in the several bankruptcy cases described in the petition. I think it cannot be said that the trustee is "seeking an allowance of compensation from a bankrupt estate for services rendered," within the meaning of this new rule.

Section 48 of the Bankruptcy Act, being Comp. St. § 9632 (13th Ed. Collier on Bankruptcy, p. 1071), provides that:

"(a) Trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and such commissions on all moneys disbursed or turned over to any person, including lienholders, by them, as may be allowed by the courts, not to exceed six per centum on the first five hundred dollars or less, four per centum moneys in excess of five hundred dollars and less than fifteen hundred dollars, two per centum on moneys in excess of fifteen hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars. And in case of the confirmation of a composition after the trustee has qualified the court may allow him, as compensation, not to exceed one-half of one per centum of the amount to be paid the creditors on such composition."

Section 51 of the act, being Comp. St. §

9635 (13th Ed. Collier on Bankruptcy, v. 2, p. 1087), provides:

"(a) Clerks shall respectively (1) account for, as for other fees received by them, the clerk's fee paid in each case * * * (2) collect the fees of the clerk, referee, and trustee in each case instituted before filing the petition, * * * (4) and within ten days after each case has been closed pay to the referee, if the case was referred, the fee collected for him, and to the trustee the fee collected for him at the time of filing the petition."

I am of opinion that the case presented by this petition comes under such sections 48 and 51 of the Bankruptcy Act, and not under rule XLII.

Therefore, it is ordered and adjudged by the court that the prayer of the petition be granted, and that the clerk of this court pay to such trustee the statutory fees out of the funds deposited for costs in the several bankruptcy cases included in the petition.